FRANK CONLON vs. JAMES PRIOR.

Hartford Dist., Jan. T., 1893. ANDREWS, C. J., CARPENTER, TOR-
RANCE, FENN and F. B. HALL, Js.

It is provided by Gen. Statutes, § 1293, that "the costs of an application to
dissolve an injunction may be allowed and taxed by the court, ac-
cording to its discretion, in making the final decree." The plaintiff
brought a suit for an injunction against the obstruction of a way by
the defendant, and obtained a temporary injunction. The defendant
moved to have the injunction dissolved, but the judge declined to dis-
solve it. The plaintiff afterwards withdrew his suit before it was tried
on its merits, and the defendant entered for costs, and a judgment
was rendered in his favor for costs, including those of the trial of the
motion to dissolve the injunction. Held—
1. That the judgment for the defendant for costs was a "final decree"
under the statute.
2. That the court having a right to tax costs "according to its discretion"
under the statute, the question whether the costs on the motion to
dissolve the injunction were properly included, could not be reviewed.

[Argued January 3d—decided March 6th, 1893.]

SUIT for an injunction; brought to the Court of Common
Pleas in Hartford County.  Appeal by the plaintiff from a
judgment of the court (*Taintor, J.,*) for the defendant al-
lowing him certain costs.  The case is stated in the opinion.

*M. H. Holcomb,* for the appellant.

*J. L. Barbour,* for the appellee.

CARPENTER, J.  The plaintiff claimed a right of way across the defendant's land, brought an action to restrain the defendant from obstructing it, and procured a temporary injunction.  Before the case was reached for a trial upon its merits an application by the defendant to dissolve the injunction was heard and refused.  In refusing the application the judge who heard it remarked that, upon the evidence before him, he should feel constrained to dissolve the injunction; but as the evidence was conflicting, and the right of way might be established on the trial, he thought best to continue the injunction, especially as that course would do the defendant no particular harm.

The plaintiff, at the suggestion of the judge, by exercising his rights under statutory provisions, secured another way of reaching the public highway from his residence, and then withdrew his case.  Thereupon the defendant entered for costs, and the Court of Common Pleas taxed in his favor full costs, including the costs of trying the application to dissolve the temporary injunction.  The plaintiff appealed.

There are in form two reasons of appeal :—1st, for allowing the costs incurred in the hearing of the application to dissolve the temporary injunction ; and, 2d, for taxing more than the docket and judgment fees.  In substance, however, there is but one question for allowing costs on the motion to dissolve.

The statute under which this question arises is section 1293 of the General Statutes, which is as follows : " The costs of an application to dissolve an injunction may be allowed and taxed by the court, according to its discretion, in making the final decree.  But in all cases where a motion for the dissolution of a temporary injunction shall be heard before any judge in vacation, such judge shall be entitled to be paid a reasonable sum for his time and expenses, by the party moving for such dissolution, which shall be taxed in the bill of costs like other costs in actions for equitable relief." .

The plaintiff contends that there was no final decree, and so that the costs objected to were improperly taxed.  We

think that the judgment for costs on the withdrawal was a final decree within the meaning of the statute. The withdrawal put an end to the case, and the judgment for costs was a final judgment. It may fairly be presumed that the legislature intended that all costs properly incurred should be taxed in a case like this, as well as in cases prosecuted to final judgment on the merits. That being so, the costs objected to were within the legitimate discretion of the court. The objection was not that any of the items of cost were illegal, but, admitting them all to be legal, that none of them could be legally taxed. The costs objected to were incurred in a hearing the result of which was adverse to the defendant; and therefore, the plaintiff claims, if the action had not been withdrawn, the plaintiff, if either party, would have been entitled to costs on that motion. If we were to speculate as to the final result and decide this case upon probabilities, even then it is by no means certain that the plaintiff would not be subjected to costs. But we must take the case as it stands. The plaintiff, pending the action, accomplished his object by other means, and then withdrew his suit. In the absence of any arrangement as to costs, by the law and the practice in this state he thereby exposed himself to the payment of a bill of costs if the court saw fit to tax it. The court, in the exercise of its discretion, did tax and allow the costs on the motion to dissolve. As such costs were legally taxable the court did not exceed its power. As we cannot review its exercise of mere discretionary power, we are led to the conclusion that there is no error in the judgment.

In this opinion the other judges concurred.